1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   CHARLES LEE RANDOLPH,                )
                                         )
10                 Petitioner,           )        3:08-cv-00650-LRH-VPC
                                         )
11  vs.                                  )
                                         )        <u>ORDER</u>
12  E.K. McDANIEL, *et al.*,             )
                                         )
13                 Respondents.          )
                                         )
14  _____/

15

16          In this capital habeas corpus action, the petitioner, Charles Lee Randolph, has filed a

17  stipulation (docket #13), reflecting an agreement between Randolph and the respondents that this

18  case should be stayed to allow Randolph to complete state-court litigation of claims not yet fully

19  exhausted in state court.  The court will approve the stipulation and stay this action.

20          Randolph's conviction and death sentence result from the execution-style murder of a

21  bartender in a walk-in cooler at a Las Vegas bar on May 5, 1998.  Randolph was convicted and

22  sentenced to death on April 14, 2000.  Randolph's direct appeal to the Nevada Supreme Court and a

23  state-court habeas petition were unsuccessful.  On April 8, 2008, the Nevada Supreme Court

24  affirmed the denial of the habeas petition.

25          This Court received from Randolph a *pro se* habeas corpus petition (docket #2), initiating

26  this action on December 12, 2008.  In an order filed on December 24, 2008, the court granted

1    Randolph a stay of execution (docket #4).  Randolph then moved for *in forma pauperis* status and

2    appointment of counsel, and both requests were granted on January 29, 2009 (docket #8).  Counsel

3    was appointed to represent Randolph (docket #9), and his counsel filed a notice of appearance on

4    March 9, 2009 (docket #10).

5          On April 6, 2009, the court held a status conference, to hear from counsel for Randolph, as

6    well as counsel for respondents, regarding the anticipated course of further proceedings in this

7    action.  At that status conference, counsel informed the court that they intended to stipulate to stay

8    the action.

9          On April 10, 2009, Randolph filed a Stipulation and Order for Stay and Abeyance (docket

10   #13).  In the stipulation, the parties agree that Randolph should be granted a stay of this action to

11   allow him to complete further habeas litigation that he has initiated in state court, so that he may

12   exhaust his remaining unexhausted claims.

13         A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28

14   U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity,

15   and is designed to give state courts the initial opportunity to correct constitutional deprivations.  *See*

16   *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the

17   claim to the State's highest court, and must give that court the opportunity to address and resolve it.

18   *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

19   10 (1992).

20         In this case, Randolph wishes to complete state-court litigation of his unexhausted claims,

21   and a stay is necessary if he is to do so without risking a statute of limitations bar.  *See*

22   28 U.S.C. § 2244(d); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (pendency of federal habeas

23   petition does not result in statutory tolling of the limitations period).

24         In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the

25   discretion of a district court to impose a stay to facilitate a habeas petitioner's return to state court to

26   exhaust claims. The *Rhines* Court stated:

2

1

2

3

4

5

6

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

7

8

\*   \*   \*

9

10

11

[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

12   *Rhines*, 544 U.S. at 277-78.

13   Respondents apparently agree that Randolph meets the *Rhines* standards for a stay of this

14   action. Therefore, the court will grant petitioner's motion, and stay this action so that Randolph may

15   complete the state-court litigation of all of his habeas corpus claims.

16   The court's intention is that this will be the only time that a stay is granted to allow Randolph

17   to return to state court to exhaust claims. Randolph must exhaust *all* of his unexhausted claims in

18   state court during the stay of this action imposed pursuant to this order.

19   **IT IS THEREFORE ORDERED** that the Stipulation filed April 10, 2009

20   (docket #13) is **APPROVED**. This action is **STAYED** to allow petitioner to exhaust in state court

21   his unexhausted claims for habeas corpus relief.

22   **IT IS FURTHER ORDERED** that, if petitioner's counsel has not yet done so, he shall seek

23   appointment as counsel for petitioner in the state-court proceedings.

24   ///

25   ///

26   ///

3

1    **IT IS FURTHER ORDERED** that, on or before **June 15, 2009**, petitioner shall file and
2    serve a status report, describing the status of his state-court proceedings.   Thereafter, during
3    the stay of this action, petitioner shall file such a status report every 6 months (on or before
4    December 15, 2009; June 15, 2010; December 15, 2010; etc.).   Respondents may, if necessary, file
5    and serve a response to any such status report within 15 days after its service.  If necessary, petitioner
6    may reply within 15 days of service of the response.

7    **IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court
8    proceedings, petitioner shall, within **30 days**, make a motion to lift the stay of this action.

9    **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by
10   respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to
11   proceed with diligence during the stay imposed pursuant to this order.

12   **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be the final
13   opportunity that this court provides to petitioner to return to state court to exhaust claims for habeas
14   corpus relief.

15   Dated this 14th day of April, 2009.

16

17   _____
18   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

4