# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES LEE RANDOLPH,

    Petitioner,                                  3:08-cv-00650-LRH-VPC

vs.

                                               **ORDER**

TIMOTHY FILSON, *et al.*,

    Respondents.

_____/

    This capital habeas corpus action was stayed on April 15, 2009 (ECF No. 14), pending the petitioner's exhaustion of claims in state court. On August 22, 2017, the petitioner, Charles Lee Randolph, filed a motion to lift the stay (ECF No. 35). In that motion, Randolph states that the state-court proceedings have concluded. Respondents did not respond to that motion. The Court will grant Randolph's motion to lift the stay, and will set a schedule for further litigation of this action.

    The Court will also direct the clerk of the court to update the docket with respect to the identity of the respondent warden.

    **IT IS THEREFORE ORDERED** that petitioner's Motion to Lift Stay (ECF No. 35) is **GRANTED**. The stay of this action is lifted.

///

///

///

**IT IS FURTHER ORDERED** that the following schedule shall govern the further litigation of this action:

1. **Amended Petition**. Petitioner shall have 60 days from the date of this order to file and serve an amended petition for writ of habeas corpus. The amended petition shall specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition shall state how, when, and where that occurred.

2. **Response to Petition**. Respondents shall have **60 days** following service of the amended petition to file and serve an answer or other response to the amended petition.

3. **Reply and Response to Reply**. Petitioner shall have **45 days** following service of an answer to file and serve a reply. Respondents shall thereafter have **30 days** following service of a reply to file and serve a response to the reply.

4. **Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner shall have **60 days** following service of the motion to file and serve a response to the motion. Respondents shall thereafter have **30 days** following service of the response to file and serve a reply.

5. **Discovery**. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

6. **Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature,

and may be denied, without prejudice, on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record.  If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Timothy Filson is substituted for Renee Baker as the respondent warden.  The Clerk of the Court shall update the docket for this case to reflect that change.

DATED this 11th day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE