UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES LEE RANDOLPH,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:08-cv-00650-LRH-CBC

**ORDER DISCHARGING APPOINTED COUNSEL AND SUSPENDING FURTHER PROCEEDINGS PENDING APPOINTMENT OF REPLACEMENT COUNSEL**

This habeas corpus action was initiated on December 12, 2008, by Charles Lee Randolph, a Nevada prisoner convicted of first-degree murder with use of a deadly weapon, conspiracy to commit robbery, burglary while in possession of a firearm, robbery with use of a deadly weapon, and first-degree kidnapping with use of a deadly weapon, and sentenced to death for the murder and prison sentences for the other crimes (ECF Nos. 1, 2, 3). On February 24, 2009, the Court appointed, as counsel for Randolph, James Colin, who had represented Randolph in prior post-conviction proceedings in state court (ECF Nos. 7, 9, 10). Soon thereafter, the parties stipulated to a stay of this action pending further proceedings in state court, and the Court approved that stipulation and stayed the action on April 15, 2009 (ECF Nos. 11, 13, 14).

The state-court proceedings were concluded some eight and a half years later, and the stay was lifted upon a motion by Randolph on September 11, 2017 (ECF Nos. 35, 36). Randolph then filed a first amended petition for writ of habeas corpus on November 13, 2017 (ECF No. 37). Respondents responded with a motion to dismiss on March 23, 2018 (ECF No. 47). The Court ruled on that motion on February 25, 2019,

1

dismissing one of Randolph's claims and otherwise denying the motion (ECF No. 59). The Court ordered Respondents to file an answer; the Court set June 25, 2019, as the due date for the answer.

On June 18, 2019, Respondents filed a motion for extension of time (ECF No. 60), requesting a 45-day extension of time to file their answer. Respondents' counsel stated in the motion that the extension of time was necessary because of the need to review certain materials before filing the answer, and because of obligations in other cases. On June 25, 2019, Randolph, through his appointed counsel, filed an opposition to the motion for extension of time, along with a "request for criminal referral" of certain individuals (ECF No. 61). Respondents replied on July 2, 2019 (ECF No. 63).

A copy of Randolph's opposition to the motion for extension of time, which was filed by Randolph's appointed counsel, James Colin, is attached to this order as an appendix. Colin's opposition to the motion for extension of time demonstrates that he must be discharged from his representation of Randolph.

Colin's opposition to the motion for extension of time is replete with unprofessional, inflammatory rhetoric. For example, Colin describes Respondents' motion for extension of time as "dishonest, evil, and pernicious." *See* Opposition to Motion for Extension of Time (ECF No. 61, p. 2). Colin repeatedly accuses the Nevada Supreme Court Chief Justice, the entire Nevada Supreme Court, and others, of committing obstruction of justice and attempted murder of his client. *See, e.g., id.* at 11 (ECF No. 61, p. 15) ("All of the pretend-Judges implicated here, and their State Bar criminal cohorts, those many provably-lawless individuals revealed herein, individuals who have openly and intentionally lied, broken the law, Obstructed Justice, and covered-up and endorsed [the Chief Justice's] unprecedented lawless intentional extrajudicial criminal misconduct and Attempted Murder outrageously directed against Charles Randolph, and against his lawyer, and against the law, and against this Court, are all guilty of Attempted Murder."). Colin states that the Chief Justice is "the proudest, stupidest, most arrogant, most pathetic, wannabe murderer in history of Mankind. He's

no Judge. [He] is a criminal, an open disgrace to the United States Judiciary, and an open disgrace to Humanity itself." *Id.* at 17 (ECF No. 61, p. 21). Colin repeatedly describes the Nevada Supreme Court as a "lynch mob," made up of "pretend-judges." *See, e.g., id.* at 7 (ECF No. 61, p. 11) ("... [the Chief Justice] and his raging, rabid, proud, bold, murderous, profitable lynch mob.") ("... the literal mob of criminal pretend-judges"). Colin describes a 2008 order of the Nevada Supreme Court as "the most objectively-dishonest joint-order ever produced by any Court in the History of the United States – by far." *Id.* at 8 (ECF No. 61, p. 12). Colin continues: "The only other in the same class is the 2014 'ORDER OF AFFIRMANCE' produced by the same core of lying, dishonest, incompetent, money-grubbing snakes who proudly vomited all over the United States Constitution in 2008." *Id.* In concluding his opposition to the motion for extension of time, Colin states: "And the Nevada Attorney General wants forty-five (45) extra days to concoct and gin up more lies for [the Chief Justice] so the whole merry lynch mob can all relax, vacation, and get paid." *Id.* at 17 (ECF No. 61, p. 21).

Furthermore, in his opposition to Respondents' straight-forward motion for extension of time, Colin repeatedly expresses concern regarding his own interests – appearing to assert that that the Nevada Supreme Court and others are retaliating against him, threatening him, and attempting to destroy his reputation by means of rulings in Randolph's case and in State Bar proceedings against Colin. *See, e.g.*, Opposition to Motion for Extension of Time (ECF No. 61, p. 2) ("In this sad and unprecedented case and state, Charles Randolph and his attorney James Colin don't get any due process at all – EVER – forget about a timely Answer."); p. 3 (ECF No. 61, p. 7) ("...openly lynching Randolph's uppity attorney"); p. 9 (ECF No. 61, p. 13) (describing bar counsel as "lawlessly persecuting Randolph's attorney, helping out [the Chief Justice] – and Obstructing the Due Administration of Justice in this Federal Court – openly and on the record – in an effort to try and murder Randolph – since 2014"); p. 12 (ECF No. 61, p. 16) ("All of these pretend-Judges are really just lynching Charles Lee Randolph, and his attorney too."); p. 13 (ECF No. 61, p. 17) ("Randolph and his

3

counsel are one and the same now. Each the target of a lawless extrajudicial lynching."); p. 17 (ECF No. 61, p. 21) ("And the lynching of Randolph's attorney too.").

The opposition to the motion for extension of time demonstrates, on its face, that Colin does not possess the temperament, professionalism, objectivity or judgment necessary to represent a capital habeas petitioner in this Court. The Court will, *sua sponte*, by this order, terminate Colin's appointment. The Court does so in the interests of justice. *See Martel v. Clair*, 656 U.S. 648, 658-60 (2012) (holding "interests of justice" standard applicable to motions by capital habeas petitioners for substitution of counsel). In weighing the interests of justice, the Court seeks to protect Randolph's interests; that is, the Court seeks to ensure that Randolph is represented by counsel whose judgment is not clouded by emotion or by his own interests. The Court takes into consideration the delay that will inevitably result from this substitution of counsel but finds that any prejudice to the State caused by the delay is outweighed by the need to replace Randolph's counsel to prevent unfair prejudice to Randolph. Therefore, the Court will order Colin discharged from his appointment and will suspend further proceedings in this action pending appointment of replacement counsel.

**IT IS THEREFORE ORDERED** that James Colin is discharged from his appointment as counsel for the petitioner in this case.

**IT IS FURTHER ORDERED** that further proceedings in this action -- including the requirement that Respondents file an answer -- are suspended pending appointment of replacement counsel for the petitioner. The Court will enter a new scheduling order for this action after replacement counsel is appointed.

**IT IS FURTHER ORDERED** that Respondents' motion for extension of time (ECF No. 60) is **DENIED** as moot.

///

///

///

4

**IT IS FURTHER ORDERED** that Petitioner's "Verified Request for Criminal Referral" is **DENIED**.

DATED this 29th day of July, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE