UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES LEE RANDOLPH,

    Petitioner,

     v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:08-cv-00650-LRH-CLB

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**
**(ECF NO. 79)**

    In this capital habeas corpus action, the petitioner, Charles Lee Randolph, represented by appointed counsel, is due to file a second amended habeas petition by October 9, 2020. *See* Order entered April 8, 2020 (ECF No. 81).

    On March 24, 2020, Randolph filed a Motion for Leave to Conduct Discovery (ECF No. 79). In that motion, Randolph requests leave of court to serve subpoenas for production of documents on his former attorneys, on the Clark County District Attorney (CCDA), and on the Las Vegas Metropolitan Police Department (LVMPD). Respondents filed a response on April 21, 2020 (ECF No. 82), opposing the motion with respect to the discovery from the CCDA and the LVMPD, but not opposing the motion with respect to Randolph's former attorneys. Randolph filed a reply on May 11, 2020 (ECF No. 83).

    As an initial matter, Randolph's motion for leave to conduct discovery is premature under the Court's scheduling order in this case. *See* Order entered September 11, 2020 (ECF No. 36). That order states:

> Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be

denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery

*Id.* at 2. The point of this schedule is that it insures that, when the petitioner seeks

discovery on a claim, the claim has been pled and the parties have briefed any issues

regarding whether the claim is procedurally viable, that is, not barred by the statute of

limitations, the exhaustion doctrine, the procedural default doctrine, or any other

procedural rule.

Here, as the Court understands Randolph's motion, he describes as follows the

claims on which he seeks to conduct discovery from the CCDA and the LVMPD:

> Even confined to the trial record, there are numerous serious questions posed in Mr. Randolph's case which require a comprehensive (and ethically required) investigation by habeas counsel. First, investigation regarding Joanne McCarty as it relates to her competency to be a witness and whether or not the State made and enforced undisclosed promises in exchange for her testimony. Second, investigation regarding the circumstances surrounding the death of Shelly Lokken and the culpability of Mr. Randolph's co-defendant Tyrone Garner. Third, investigation regarding the physical evidence collected in the investigation and prosecution of Mr. Randolph. And fourth, investigation into the lack of appropriate forensic testing on critical crime scene evidence.

> *       *       *

> Mr. Randolph must have access to the complete information available to trial counsel in order to assess the effectiveness of trial counsel, as well as to determine whether the prosecution committed misconduct by failing to comply with its disclosure obligations under *Kyles*. Mr. Randolph cannot fully and fairly prove that trial counsel conducted inadequate independent investigation prior to the trial and sentencing without having copies of what was provided to defense counsel.

> *       *       *

> In addition, Mr. Randolph cannot independently consult with forensic experts to test the veracity of the State's evidence and the adequateness of trial counsel's investigation and preparation.

Motion for Leave to Conduct Discovery (ECF No. 79), pp. 6, 8, 13–14 (referring to *Kyles*

*v. Whitley*, 514 U.S. 419 (1995)). To the extent Randolph has described, with any

specificity at all, the claims on which he seeks discovery, it appears they are claims that,

at least to some extent, are new, not yet pled in his petition. And, it is yet to be seen

whether any of the claims on which he seeks discovery are procedurally viable, such that discovery may be warranted.

A habeas petitioner is not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery may be authorized upon a showing of good cause. Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts. Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is ... entitled to relief ...." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005) (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). However, district courts do not allow a petitioner to "use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. United States Dist. Ct.* (*Nicolaus*), 98 F.3d 1102, 1106 (9th Cir. 1996); *see also Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (petitioner may not use discovery as a "fishing expedition ... to explore their case in search of its existence").

Randolph fails to show good cause for the requested discovery from the CCDA and LVMPD. At this point, with respect to the claims on which Randolph seeks discovery from the CCDA and LVMPD, he has not placed before the Court specific allegations upon which he may, if facts are fully developed, be entitled to relief. For the most part, it appears, the claims on which he seeks such discovery are not yet pled or are pled in only general terms. In his motion, he does not point to specific facts that might be found in the documents he seeks that might bear upon any particular claim. And, again, it is yet to be determined whether any of the subject claims is procedurally viable.

///

///

The Court will deny Randolph's motion for leave to conduct discovery from the CCDA and the LVMPD. This will be without prejudice to Randolph seeking such discovery at an appropriate time upon a showing of good cause.

The Court will grant Randolph's motion to serve subpoenas upon his former attorneys. The material Randolph seeks from his former attorneys—their files for his case—is material to which Randolph is presumably entitled. *See* Nev. R. Prof. Conduct 1.16(d); *Gibbs v. LeGrand*, 767 F.3d 879, 889 (9th Cir. 2014) ("[T]he Nevada professional rule which required [counsel] to take 'steps to the extent reasonably practicable to protect a client's interests,' indicates that one such step may be 'surrendering papers to which ... the client is entitled.'" (quoting Nev. R. Prof. Conduct 1.16(d))). Respondents do not oppose this part of Randolph's motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 79) is **GRANTED IN PART AND DENIED IN PART**. Petitioner is granted leave of court to serve subpoenas upon Anthony Sgro, James Colin, Thomas Michaelides, Darin Imlay, Curtis Brown, and Willard Ewing, in the form of the proposed subpoenas at ECF No. 79-1, pp. 8, 11, 14, 17, 20 and 23. In all other respects, Petitioner's motion is denied.

DATED this 20th day of May, 2020.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE