UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES LEE RANDOLPH,

    Petitioner,

    v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:08-cv-00650-LRH-CLB

**ORDER**

    In this capital habeas corpus action, the petitioner, Charles Lee Randolph, represented by appointed counsel, has filed a motion entitled "Notice and Motion to Enforce ECF No. 84: Order Granting in Part and Denying in Part Petitioner's Motion for Leave to Conduct Discovery" (ECF No. 89) (hereafter "Motion"), requesting that the Court order the respondents to produce to him certain materials regarding his case that were, at the time of his trial, available to his trial counsel, because his former counsel have apparently failed to preserve their files and have failed to turn the subject materials over to his current counsel. Respondents have filed a response in opposition to that motion (ECF No. 90), and Randolph has replied (ECF No. 91). The Court will order supplemental briefing of the motion, primarily regarding the availability of the material sought by Petitioner and the burden to Respondents of locating and producing the material.

    Randolph is currently due to file a second amended petition for writ of habeas corpus by October 4, 2021. *See* Order entered March 17, 2021 (ECF No. 88). The Court will suspend that deadline pending the resolution of Randolph's motion.

On March 24, 2020, Randolph filed a Motion for Leave to Conduct Discovery (ECF No. 79). In that motion, Randolph requested leave of court to serve subpoenas for production of materials on his former counsel, and to obtain materials from the Clark County District Attorney (CCDA) and the Las Vegas Metropolitan Police Department (LVMPD). Respondents opposed that motion with respect to the discovery from the CCDA and the LVMPD, but not with respect to the discovery from Randolph's former counsel (ECF No. 82). The Court granted the motion in part, granting leave for Randolph to serve subpoenas on his former counsel to obtain their files for this case, but denying the request regarding the CCDA and LVMPD. *See* Order entered May 20, 2021 (ECF No. 84). Regarding the material presumably held by Randolph's former attorneys, the Court stated:

> The material Randolph seeks from his former attorneys—their files for his case—is material to which Randolph is presumably entitled. *See* Nev. R. Prof. Conduct 1.16(d); *Gibbs v. LeGrand*, 767 F.3d 879, 889 (9th Cir. 2014) ("[T]he Nevada professional rule which required [counsel] to take 'steps to the extent reasonably practicable to protect a client's interests,' indicates that one such step may be 'surrendering papers to which ... the client is entitled.'" (quoting Nev. R. Prof. Conduct 1.16(d))).

*Id*. at 4. Regarding the CCDA and LVMPD, the Court pointed out that the motion for leave to conduct discovery was premature under the Court's scheduling order (ECF No. 36), and that the discovery requests were not tied to claims pled in Randolph's amended petition and determined to be procedurally viable. *See id*. at 1–4.

Randolph states in his current motion that he served the authorized subpoenas on his former counsel, but to no avail; according to Randolph, his prior counsel—with the exception of his direct appeal counsel, who represented him on an appeal confined to the trial record—produced no materials relative to this case, and, as a result, his current counsel have been unable to assemble a record sufficient to properly represent him in this action. *See* Motion to Enforce ECF No. 84 (ECF No. 89), pp. 2–6. Randolph therefore seeks an order from this Court requiring Respondents to produce: (1) juror questionnaires; (2) crime scene photos; (3) police investigation reports; (4) forensic expert bench notes and reports; (5) audio recordings of witness and defendant

interviews; (6) high quality video transfers of the crime scene videos; and (7) discovery list of materials provided to the defense at trial. *See id*. at 6–11.

The Court first notes that the title of Randolph's motion—"Notice and Motion to Enforce ECF No. 84: Order Granting in Part and Denying in Part Petitioner's Motion for Leave to Conduct Discovery"—is misleading. In the May 20, 2021, order resolving Randolph's motion for leave to conduct discovery (ECF No. 84), the Court granted Randolph leave to serve subpoenas on his former counsel. Randolph apparently served such subpoenas and apparently received responses from his former counsel. In Randolph's current motion, he seeks no further response to the subpoenas from his former counsel; rather, he seeks materials from Respondents. Randolph's motion is not a motion to enforce the Court's May 20, 2021, order (ECF No. 84).

The Court also notes that, in his motion, Randolph misleadingly characterizes materials he requests from Respondents as parts of the state court "record." *See*, *e.g.*, Motion (ECF No. 89), pp. 10–11; Reply in Support of Motion (ECF No. 91), pp. 2–9. This is misleading. Randolph makes no showing that any of the subject materials—even the juror questionnaires (item 1 of their request)—were admitted into evidence in state court or otherwise made part of the actual state court record.

So, Respondents' request for production of materials by Respondents is not a request for materials from the state court record. And, furthermore, it is not a request for discovery in the traditional sense, in that Randolph does not seek to obtain any material that was not made available to him previously. *See* Motion (ECF No. 84), p. 2 ("[T]his request is precisely targeted at obtaining the same materials that were available to state trial counsel."). Rather, in essence, what Randolph asks for here is an order of the Court requiring Respondents to help him recreate files that his former counsel failed to preserve or refused to provide to his current counsel.

The murder underlying Randolph's conviction and death sentence was committed more than 23 years ago, on May 5, 1998 (*see Randolph v. State*, 117 Nev. 970, 973–76, 36 P.3d 424, 427–28 (2001)). Randolph was tried in state court over 21

years ago, in January of 2000 (*see* Amended Petition for Writ of Habeas Corpus (ECF No. 37), p. 3). In the body of his motion, Randolph provides a list of seven kinds of materials that he requests from Respondents (Motion (ECF No. 89), p. 6), but then, in a footnote, he states that the materials "must, at a minimum, include" a list of 107 "specific documents, photographs, videos, and audio recordings" (*id*. at pp. 6–9, footnote 3). Randolph does not cite any authority for the proposition that Respondents—or the CCDA or LVMPD—has been under any legal obligation to preserve the requested materials, to store them in a manner such that they may be easily located and produced, or to produce them—again—to Randolph. And, plainly, looking at the list of the 107 kinds of materials requested by Randolph, locating and producing whatever of those materials still exist would not be an insignificant task.

This all said, however, it is apparent that Randolph's trial counsel, his state post-conviction counsel, and/or his former federal habeas counsel have failed to preserve and turn over to his present federal habeas counsel their files regarding this case. This appears to be a breach of professional duty by one or more of Randolph's former attorneys. *See* Nev. R. Prof. Conduct 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."). Furthermore, the Court is cognizant of the general professional obligation of Randolph's current federal habeas counsel to conduct a thorough and independent investigation, to conduct a full examination of the defense provided at all prior phases of the case, and to examine the files of prior counsel. *See* ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 10.7 (rev. ed. 2003) (published in Volume 31, No. 4, of the Hofstra Law Review, and found at http://ambar.org/2003Guidelines).

The Court views Randolph's motion as a request that the Court, in exercise of its equitable powers, issue an order that requires Respondents, to the extent possible and reasonable, to provide materials to Randolph, to ensure that, despite the failures of his former counsel, his current counsel can fulfill their professional obligations and Randolph can receive a meaningful and fair federal habeas review of his conviction and sentence. This, in the Court's view, places Randolph's motion outside the constraints of the scheduling order (ECF No. 36). The Court will consider Randolph's motion from this perspective. The Court determines, though, that to resolve Randolph's motion, the Court needs further information. The Court will set a schedule for supplemental briefing of the motion.

In their supplemental response to the motion, Respondents should describe which of the materials requested by Randolph are reasonably available, without undue burden, to be produced, and which are not. As for the latter, Respondents should explain why.

The Court again emphasizes that Randolph's request is only for production of materials that were previously made available to Randolph. However, given the time that has passed since the pretrial proceedings and Randolph's trial, the Court questions whether production of materials (other than perhaps item 7 ("Discovery List of Materials Provided to the Defense at Trial") if it exists and can be produced) or nonproduction of materials, in response to Randolph's motion, would constitute any evidence of the scope of materials provided by the prosecution to Randolph's trial counsel.

In Randolph's reply to Respondents' supplemental response to his motion, in addition to replying to Respondents' representations in their supplemental response, Randolph should state with some specificity what files he received from his direct appeal counsel, and whether those files included any of the materials he seeks now from Respondents.

**IT IS THEREFORE ORDERED** that Respondents will have 45 days to file a supplemental response to Petitioner's Motion (ECF No. 89), as described above. Petitioner will then have 15 days to file a reply to the supplemental response.

**IT IS FURTHER ORDERED** that the deadline for Petitioner to file a second amended habeas petition is suspended pending the resolution of Petitioner's Motion (ECF No. 89). The Court will reset the deadline for the second amended petition when Petitioner's motion is resolved.

DATED THIS 2nd day of September 2021.

_____
LARRY R. HICKS,
UNITED STATES DISTRICT JUDGE