UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES LEE RANDOLPH,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>    Respondents. | Case No. 3:08-cv-00650-LRH-CLB<br><br>**ORDER** |

    In this capital habeas corpus action, the petitioner, Charles Lee Randolph, represented by appointed counsel, has filed a motion requesting that the Court order the respondents to provide him with certain material, which was disclosed to his trial counsel at the time of his trial, because his former counsel apparently failed to preserve their files and have not turned that material over to his current counsel (ECF No. 84). The parties have fully briefed that motion (ECF Nos. 90, 91, 99, 100, 104 and 105).

    As part of that briefing, the parties jointly produced a spreadsheet listing the items requested by Randolph, and showing which Randolph now acknowledges he already has, and which Respondents have available (ECF No. 105-1). The spreadsheet also includes brief statements of the parties' positions with respect to each of the items. The items requested by Randolph referred to by number in this order are the items listed on that spreadsheet.

    On March 24, 2020, Randolph filed a motion requesting leave of court to serve subpoenas for production of material on his former counsel and requesting a court order for production of material by the Clark County District Attorney (CCDA) and the Las Vegas Metropolitan Police Department (LVMPD) (ECF No. 79). Respondents opposed

that motion with respect to material held by the CCDA and the LVMPD, but not with respect to material held by Randolph's former attorneys (ECF No. 82). The Court granted the motion in part, granting leave for Randolph to serve subpoenas on his former counsel, but denying the request regarding the CCDA and LVMPD. *See* Order entered May 20, 2021 (ECF No. 84). Regarding the material held by Randolph's former counsel, the Court stated:

> The material Randolph seeks from his former attorneys—their files for his case—is material to which Randolph is presumably entitled. *See* Nev. R. Prof. Conduct 1.16(d); *Gibbs v. LeGrand*, 767 F.3d 879, 889 (9th Cir. 2014) ("[T]he Nevada professional rule which required [counsel] to take 'steps to the extent reasonably practicable to protect a client's interests,' indicates that one such step may be 'surrendering papers to which ... the client is entitled.'" (quoting Nev. R. Prof. Conduct 1.16(d))).

*Id*. at 4.

Randolph filed his current motion on May 6, 2021 (ECF No. 89). He states that he served the authorized subpoenas on his former counsel, but to no avail. According to Randolph, his prior counsel—with the exception of his direct appeal counsel, who provided only some material that is part of the state-court record—produced no material relative to this case, and, as a result, his current counsel have been unable to assemble a record sufficient to properly represent him in this action. *See* Motion (ECF No. 89), pp. 2–6. Randolph therefore filed the current motion. *See id*. at 6–11.

The Court observes that this is not a request for discovery in the usual sense, in that Randolph seeks only material that was previously disclosed to his trial counsel and that his prior counsel failed to preserve or provide to him. *See* Motion (ECF No. 84), pp. 2, 10. Under the circumstances, then, the Court views Randolph's motion as a request that the Court, in exercise of its equitable powers, order Respondents, to the extent reasonably possible, to provide material to Randolph, to ensure that, despite the failures of his former counsel, his current counsel can fulfill their professional obligations and Randolph can receive a meaningful and fair federal habeas review of his conviction and sentence. The point of Randolph's motion, in the Court's view, and the point of this order, is to allow Randolph to obtain, to the extent reasonably possible, material that his

trial counsel obtained prior to or during the trial but did not preserve or provide to his current counsel. This, in the Court's view, places Randolph's motion outside the constraints of the scheduling order (ECF No. 36).

       The murder underlying Randolph's conviction and death sentence was committed more than 23 years ago, on May 5, 1998. *See Randolph v. State*, 117 Nev. 970, 973–76, 36 P.3d 424, 427–28 (2001). Randolph was tried in state court over 22 years ago, in January of 2000. *See* Amended Petition for Writ of Habeas Corpus (ECF No. 37), p. 3. In his motion, Randolph provides a list of seven kinds of material that he requests from Respondents (Motion (ECF No. 89), p. 6), and then, in a footnote, he states that the requested material "must, at a minimum, include" a list of over 100 "specific documents, photographs, videos, and audio recordings" (*id*. at pp. 6–9 n.3). Randolph does not cite any authority for the proposition that Respondents, or the CCDA or LVMPD, have been under any legal obligation to preserve the requested material, to store it in a manner such that it may be readily located and produced, or to produce it to him … again. Looking at the list of items requested by Randolph, it is plain that searching for that material, locating what is available, and producing it, places a significant burden on Respondents.

       Nonetheless, it is apparent that Randolph's trial counsel, his state post-conviction counsel, and/or his former federal habeas counsel have failed to preserve, and/or turn over to his current counsel, their files regarding this case. This appears to be a breach of professional duty by one or more of Randolph's former attorneys, threatening to undermine to some extent Randolph's opportunity for a fair and meaningful federal habeas proceeding. *See* Nev. R. Prof. Conduct 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as … surrendering papers and property to which the client is entitled …. The lawyer may retain papers relating to the client to the extent permitted by other law.").

     Furthermore, the Court is cognizant of the general professional duty of Randolph's current counsel to conduct a thorough and independent investigation, to conduct a full examination of the defense provided at all prior phases of the case, and to examine the files of prior counsel. *See* ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 10.7 (rev. ed. 2003) (published in Volume 31, No. 4, of the Hofstra Law Review, and found at http://ambar.org/2003Guidelines).

     In ruling on Randolph's motion, then, the Court takes into account the apparent breach of professional duty by one or more of Randolph's prior attorneys, the effect of that breach of duty on Randolph's opportunity for a fair and meaningful federal habeas proceeding, the professional duties of Randolph's current counsel, and the burden placed on Respondents.

     Turning to the specific items requested by Randolph, with respect to the following items, Randolph states that he does not have the items, either in whole or in part, or that his copies may not be complete, and Respondents indicate that the material, either in whole or in part, is available for production: 1, 2, 3, 4, 5, 1a, 1b, 2a, 2b, 3a, 3b, 4a, 4b, 5a, 5b, 6a, 6b, 7a, 7b, 8a, 8b, 9a, 9b, 12, 18, 22, 30, 31, 33, 34, 35, 36, 38, 42, 43, 56, 57, 58, 59, 61, 64, 76, 78, 81, 91, 92, 93, 95, 96a, 96e, 97, 99, 101 and 104. Respondents are ordered to provide to Randolph the material identified as available for production in their responses regarding these items on the spreadsheet.

     Regarding items 52, 53, 54, 55, 62a, 62b, 63, 65, 67, 68, 71, 75, 84, 85, 86, 87, 88, 89, 90, 94, 96b, 96c, 96d and 96f, it appears that Randolph has abandoned his requests, stating "No Request" in his replies on the spreadsheet. The Court will not order Respondents to take any further action regarding the material in these requests.

     With respect to items 7, 21, 23, 24, 25, 26, 27, 28, 29, 32, 37, 39, 40, 41, 44, 45, 46, 47, 48, 49, 50, 80, 82, 98, 103 and 107, Respondents object to the requests, stating that Randolph's requests are "vague as to dates requested" or "vague as to time period." This objection is inapposite. Respondents apparently look past the fact that

Randolph requests only material that was disclosed to him before or during trial. That aspect of Randolph's request adequately controls the "dates requested" and the "time period" of the material requested, and, consequently, the Court determines that these requests are not vague as suggested by Respondents. As for these items, Respondents are ordered to produce to Randolph responsive material that was in Respondents' possession before or during trial.

Regarding the following items, Respondents state that the material "[m]ay exist in a report, but no stand-alone report exists" labeled as in the request: 10, 11, 13, 14, 15, 16, 17, 19, 20, 100, 102 and 105. Regarding these items, Respondents are ordered to produce to Randolph responsive material that was in Respondents' possession before or during trial—regardless of how labeled and regardless of whether it is part of a larger report.

Regarding items 69, 70, 73, 74, 77, 79 and 106, Respondents' state that no such items were found in the LVMPD evidence vault or CCDA's files. Randolph replies: "Request further explanation for absence." The Court determines that the declaration of Alexander Chen and the affidavit of Shandell Auten (ECF Nos. 104-2, 104-3) provide sufficient explanation regarding the search for responsive material by the CCDA and LVMPD and regarding any explanation for the absence of material. The Court will not order Respondents to take any further action regarding the material in these requests.

Regarding item 6, "high quality video transfers of crime scene videos," Respondents respond: "No stand alone record specifically referencing videos exists." This is unresponsive. The request is for "high quality video transfers of crime scene videos," not for a records "specifically referencing videos." Regarding item 6, Respondents are ordered to provide access to Randolph of responsive material that reasonably appears to be a crime scene video.

Regarding item 51, "written reports and handwritten notes of Deputy Coroner J. Stallings," Respondents respond: "No notes in Las Vegas Metro evidence vault or Clark County DA's file." Respondents' response appears to be incomplete in that it refers only

5

to notes, and not to written reports. With respect to this item, Respondents are ordered to produce to Randolph any such written reports of Deputy Coroner J. Stallings. As for Randolph's reply regarding this item—"Request further explanation for absence"—the Court finds that the declaration of Alexander Chen and the affidavit of Shandell Auten (ECF Nos. 104-2 and 104-3) provide sufficient explanation regarding the search for responsive material by the CCDA and LVMPD and regarding any explanation for the absence of material.

Regarding item 60, "Crime prevention tip sheets regarding the Lokken homicide," Respondents respond: "Request not understood." Randolph replies: "No request if no such record exists." The Court will not order Respondents to take any further action regarding the material in this request.

Regarding item 66, "Copies of fingerprint cards relevant to the Lokken investigation from the latent print section of the criminalistics bureau of the LVMPD," Respondents respond: "Vague as to 'relevant to the Lokken investigation.'" Randolph replies that Respondents have "failed to comply with Court's Order." The Court does not find the phrase "relevant to the Lokken investigation" to be vague. With respect to this item, Respondents are ordered to produce to Randolph material in their possession which is responsive to this request.

Item 72 is a request for "Initial LVMPD information generated and obtained on Charles Randolph referenced by Det. Vaccaro ('full name and identification,' 'record of addresses and contacts,' photograph, photocopy of an employment application)." Respondents respond: "Request vague as to time period and what is meant by "Initial LVMPD information." Randolph replies: "State has failed to comply with Court's Order." This request does not appear to be vague. The "initial LVMPD information" requested is, according to the terms of the request, information "referenced by Det. Vaccaro," and, as specified in the parenthetical in the request, it includes "'full name and identification,' 'record of addresses and contacts,' photograph, photocopy of an employment

application." Regarding this item, Respondents are ordered to produce to Randolph responsive material in Respondents' possession that may be relevant to this case.

With respect to item 83, "Grand jury testimony of Dr. G. Sheldon Green," Respondents respond: "See declaration from Clark County DA's Office."  Randolph replies: "Response vague as to how DA's declaration explains the absence of Dr. Green's testimony." Respondents' response apparently refers to the affidavit of Alexander Chen (ECF No. 104-2). Chen's affidavit describes his search for responsive material and speaks to the question why some material was not found. The Court understands Respondents' response regarding item 83 to mean that they have not found material responsive to the request. At any rate, Randolph states on the spreadsheet that he already has this item. Therefore, the Court will not order Respondents to take any further action regarding the material in this request.

The Court is of the mind that the parties should be able to settle any further dispute regarding Randolph's motion without further Court involvement. It bears repeating that Randolph's request is only for material in Respondents' possession before or during trial. Respondents are only expected to search for responsive material in a manner reasonably calculated to find the material.

The Court further notes, that, given the time that has passed since the pretrial proceedings and Randolph's trial, the Court questions whether production or nonproduction of material in response to Randolph's motion and this order constitutes any evidence of what material was actually provided or made available by the prosecution to Randolph's trial counsel, or evidence of any ineffective assistance of counsel, or, for that matter, any evidence in support of any claim for habeas corpus relief.

And again: the Court does not consider this to be a matter of discovery in the usual sense. The scheduling order (ECF No. 36) sets a timeframe for Randolph to request leave to conduct traditional discovery, if factually and legally justified. While the Court is well aware of the circumstances that resulted in Randolph's need to make this

7

motion, considers his motion to be warranted, and grants his motion in large part, the Court will not look favorably upon any further delay of this action caused by further litigation of this preliminary matter. The Court will set a schedule for Randolph to file a second amended petition.

Finally, nothing in this order is meant to be a comment upon, or to affect in any manner, the operation of any applicable statute of limitations in this case.

**IT IS THEREFORE ORDERED** that Petitioner's Motion (ECF No. 89) is **GRANTED IN PART AND DENIED IN PART**. Respondents will have **60 days** from the date of this order to produce material to Petitioner as specified above.

**IT IS FURTHER ORDERED** that Petitioner will have **180 days** from the date of this order to file a second amended petition for writ of habeas corpus. Beyond that, the schedule for further proceedings set forth in the order entered September 11, 2017 (ECF No. 36) will remain in effect.

DATED THIS 1st day of April, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE