UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES LEE RANDOLPH,<br><br>　　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>　　　　　　　　　　　　Respondents. | Case No. 3:08-cv-00650-LRH-CLB<br><br>**ORDER** |

　　　　Before the Court in this capital habeas corpus action is a motion by the petitioner, Charles Lee Randolph requesting that the action be stayed while he exhausts claims in state court (ECF No. 122) and a motion by the respondents requesting a more definite statement by Randolph regarding his exhaustion in state court of the claims in his second amended petition for writ of habeas corpus (ECF No. 121). The Court will grant Randolph's motion for a stay and stay this action, and the Court will deny Respondents' motion for a more definite statement as moot.

　　　　In 2000, Randolph was convicted of several crimes, including conspiracy, burglary, robbery, first-degree kidnapping, and first-degree murder, involving a killing at a Las Vegas bar on May 5, 1998. Randolph was sentenced to death for the murder. Randolph's direct appeal to the Nevada Supreme Court and two state-court habeas petitions have been unsuccessful. Randolph was represented by the same appointed counsel—James Colin—in both of his state habeas actions.

　　　　In this Court, after completion of his second state habeas action, Randolph filed a first amended petition for writ of habeas corpus on November 13, 2017. ECF No. 37. Respondents filed a motion to dismiss, and, on February 25, 2019, the Court granted that motion in part and denied it in part, dismissing one of Randolph's claims and ordering Respondents to file an answer. ECF No. 59.

Before Respondents filed their answer, however, Colin filed a response to a motion for extension of time that was replete with unprofessional, inflammatory rhetoric, and that repeatedly expressed concern regarding his own interests. *See* ECF No. 61. On July 29, 2019, in view of that filing, the Court discharged Colin from his representation of Randolph. ECF No. 64. On October 15, 2019, the Court appointed new counsel—the Federal Public Defender for the District of Idaho (FPD)—to represent Randolph, and the Court set a schedule for Randolph, with his new counsel, to file a second amended habeas petition. ECF No. 67.

On August 9, 2019, Randolph filed, *pro se*, a motion requesting leave of court to represent himself and requesting that his action proceed without delay on his first amended petition. The Court denied that motion in the October 15 order, without prejudice to Randolph filing a new motion requesting leave to proceed *pro se* after he had the opportunity to consult with his new counsel. *See* ECF No. 67. On November 4, 2019, Randolph filed two more pro se motions: a "Motion for Leave to Proceed Pro Se" (ECF No. 71) and a "Verified Motion for Order to Terminate FPD [and] Invocation of Right to Self-Representation [and] Demand for an Immediate End to Unnecessary Unwanted Suspension of Proceedings" (ECF No. 72). In those motions, Randolph renewed his request for leave of court to represent himself and his request that this action proceed on his first amended petition. On November 26, 2019, the Court held a hearing to hear from Randolph, the FPD, and Respondents regarding Randolph's motions. At the hearing, Randolph reiterated his requests that the FPD be discharged, that he be allowed to proceed *pro se*, and that the action proceed on the first amended petition. On December 3, 2019, however, the FPD filed for Randolph a motion (ECF No. 76) requesting leave to withdraw his previous motions. In that motion, counsel notified the Court that Randolph had a change of heart and wished for the FPD to represent him and file a second amended habeas petition on his behalf. On December 9, 2019, the Court granted Randolph's motion to withdraw his *pro se* motions. ECF No. 77.

///

On March 24, 2020, Randolph moved for leave to conduct discovery and for disclosure of certain materials by Respondents (ECF Nos. 79, 89), and, after extensive litigation, those motions were resolved on April 1, 2022 (*see* ECF Nos. 84, 98, 106). Randolph then filed his second amended petition for writ of habeas corpus on May 12, 2023. ECF Nos. 116, 120.

On July 7, 2023, Respondents filed their motion for a more definite statement. ECF No. 121. And, on July 20, 2023, Randolph filed his motion for a stay. ECF No. 122. The parties have fully briefed those motions. *See* ECF Nos. 123, 124, 125, 126.

Randolph represents in his motion for a stay that he "intends to file an exhaustion petition in state court as soon as possible, and respectfully requests this Court grant a stay of the federal proceedings pending exhaustion of those claims that were not raised by prior state and federal habeas counsel." ECF No. 122 at 1.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277–78. *Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially

meritorious" requirements before a stay is permitted. If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims.

Randolph concedes in his second amended petition, and there is no real dispute, that his claims of ineffective assistance of trial counsel—Claims 1, 2, 3 of his second amended petition—have not been presented in state court, either in whole or in part. *See* ECF No. 116 at 39; *see also* ECF No. 123 at 4–5. Randolph's second amended petition is plainly a "mixed petition," meaning it is in part exhausted and in part unexhausted in state court. The Court determines, further, that Randolph's unexhausted claims of ineffective assistance of trial counsel are at least potentially meritorious within the meaning of *Rhines.* And there is no showing that Randolph has engaged in intentionally dilatory litigation tactics warranting denial of his motion for stay.

Regarding the question of cause for his failure to exhaust all the claims in his second amended petition, Randolph asserts that the attorney who handled both of his previous state habeas actions performed ineffectively in not presenting, or in not properly presenting, the claims of ineffective assistance of trial counsel that he asserts in his second amended petition. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. In *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), the Ninth Circuit Court of Appeals held that the sort of ineffective assistance of counsel in an initial-review collateral proceeding described in *Martinez* can be good cause for a *Rhines* stay. *See Blake*, 745 F.3d at 982–84. Here, the Court finds that Randolph has shown good cause, under *Rhines*, for his failure to fully exhaust in state court his claims of ineffective assistance of trial counsel.

///

Therefore, the Court determines that the requirements for a stay of this action pending exhaustion of Randolph's claims in state court, as set forth in *Rhines*, are satisfied. The Court will grant Randolph's motion for a stay (ECF No. 122) and stay this action.

In exercising its discretion to grant this stay, the Court determines that there is a possibility that the Nevada courts may consider, on their merits, Randolph's unexhausted claims of ineffective assistance of trial counsel, upon a showing of ineffective assistance of his prior post-conviction counsel. *See Crump v. Warden*, 113 Nev. 293, 934 P.2d 247 (1997).

The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Randolph's exhaustion of claims in state court. Randolph must exhaust all his unexhausted claims in state court during this stay.

The Court will deny Respondents' motion for a more definite statement (ECF No. 121) as moot, as, when the stay of this action is lifted upon the completion of Randolph's further state court proceedings, the Court will call for Randolph to file a third amended habeas petition accounting for the further state court proceedings.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Hold Federal Habeas Proceedings in Abeyance (ECF No. 122) is **GRANTED**. This action is **STAYED**, while Petitioner exhausts in state court his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that, on or before December 15, 2023, Petitioner shall file a status report, describing the status of his state court proceedings. Thereafter, during the stay of this action, Petitioner shall file such a status report every 6 months (on or before June 15, 2024; December 15, 2024; etc.). Respondents may, if necessary, file and serve a response to any such status report within 15 days after it is filed. If necessary, Petitioner may reply within 15 days after the response is filed.

**IT IS FURTHER ORDERED** that, following the conclusion of Petitioner's state court proceedings, Petitioner shall, within 30 days, make a motion to lift the stay.

///

**IT IS FURTHER ORDERED** that this action will be subject to dismissal upon a motion by Respondents if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS SO ORDERED.**

DATED THIS 23rd day of August, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE